IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ALVIN C. THOMPSON,
        Plaintiff,

vs.                                3:10cv409/MCR/MD

RALPH BUTLER
        Defendants.

## **REPORT AND RECOMMENDATION**

Plaintiff has submitted his partial initial filing fee, and this cause is before the court upon plaintiff's civil rights complaint filed pursuant to Title 42 U.S.C. §1983. Leave to proceed *in forma pauperis* was granted and the initial partial filing fee has been paid (doc. 5 & 6).

Since plaintiff is proceeding *in forma pauperis*, the court is required to dismiss the case at any time if it determines that the "action or appeal" is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.A. § 1915(e)(2)(B). A complaint is frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989). "[T]he statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Id.*, 490 U.S. 319, 327, 109 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989). Dismissals on this ground may be ordered when the legal theories are "indisputably meritless," or when the claims rely on factual allegations that are "clearly baseless." *Id.* at 327, 109 S.Ct. at 1833; *Denton v. Hernandez*, 504 U.S. 25, 31, 112 S.Ct. 1728, 1733, 118

L.Ed.2d 340 (1992); *Williams v. Secretary for Department of Corrections,* 131 Fed. Appx. 682, 2005 WL 1130351 (11th Cir. 2005) (citing *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (per curiam) (internal quotations omitted)).

Because the language of § 1915(e)(2)(B)(ii) tracks the language of FED. R. CIV. P. 12(b)(6), dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). The allegations of the complaint are taken as true and are construed in the light most favorable to the plaintiff. *See Pielage v. McConnell*, 516 F.3d 1282 (11th Cir. 2008); *Thaeter v. Palm Beach County Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir. 2006); *Davis v. Monroe County Bd. Of Educ.*, 120 F.3d 1390, 1393 (11th Cir. 1997). Plaintiff must allege more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" and his complaint must include factual allegations sufficient "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65, 1973 n.14, 167 L.Ed.2d 929 (2007) (declining to apply a heightened pleading standard, and abrogating *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) ("a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." 355 U.S. at 45-46, 78 S.Ct. 99.)) Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant. *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007) (citing *Hall v. United Ins. Co. Of Am.,* 367 F.3d 1255, 1263 (11th Cir. 2004)). Upon review of plaintiff's complaint, the court concludes that plaintiff has not presented an actionable claim and that sua sponte dismissal is therefore warranted. *Vanderberg v. Donaldson,* 259 F.3d 1321, 1323 (11th Cir. 2001).

Plaintiff was incarcerated at Santa Rosa Correctional Institution ("SRCI") at the time the events giving rise to this complaint took place. He names Property Officer Ralph Butler as the lone defendant in this case. Plaintiff alleges that Officer Butler violated his due process rights on May 10, 2010. Plaintiff asserts that upon his return to SRCI, Butler told him to sign a blank Inmate Personal Property List form, before the property was actually

inventoried. In making this request, plaintiff contends that Butler violated his due process rights under the Florida and federal constitutions, as well as his right to equal protection of the law. Plaintiff complains that because of the manner in which the inventory was done, he lost several important pieces of paper containing addresses and other personal information. Plaintiff seeks compensatory damages, punitive damages, attorney's fees and any other relief the court deems just and proper.

The Due Process Clause prohibits state action that deprives a United States citizen of life, liberty, or property without due process of law. U.S. Const. amend. XIV. A person alleging a violation of his right to due process must establish that he was deprived of an interest cognizable under the Due Process Clause, and that the procedures attendant upon that deprivation were not constitutionally sufficient. *Kentucky v. Dep't of Corrections v. Thompson*, 490 U.S. 454. 459-60, 109 S.Ct. 1904, 104 L.Ed 2d 506 (1989); *Board of Regents v. Roth*, 408 U.S. 564, 571, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). Deprivations of property resulting from random, unauthorized acts of government officials do not become due process violations when there exist adequate remedies under state law for plaintiff to seek redress for the deprivation. *Parratt v. Taylor*, 451 U.S. 527, 543-44, 101 S.Ct 1908, 1912, 68 L. Ed.2d 420 (1984); *Carcamo v. Miami-Dade County,* 375 F.3d 1104 (11th Cir. 2004) (citing *Zinermon v. Burch,* 494 U.S. 113, 132, 110 S.Ct. 975, 987, 108 L.Ed.2d 100 (1990)); *Rodriguez-Mora v. Baker*, 792 F.2d 1524, 1527 (11th Cir. 1986); *Hall v. Sutton*, 755 F.2d 786, 787 (11th Cir.1985).[1] A judicial post-deprivation cause of action may satisfy due process. *Carcamo*, 375 F.3d at 1106. Since Florida Statutes section 768.28 (2000) provides a remedy for the deprivation of plaintiff's property caused by negligent or wrongful acts or omissions of state employees, he cannot maintain a §1983 action based on the alleged deprivation.

In order to properly plead an equal protection claim, a plaintiff need only allege that similarly situated persons have been treated disparately through state action. *Thigpen v. Bibb County, Ga., Sheriff's Dept*., 223 F.3d 1231, 1237-39 (11th Cir. 2000); *Amnesty*

---

[1] This is equally true whether the deprivation was the result of an intentional or a negligent act. *See Hudson v. Palmer*, 468 U.S. 517, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984).

*Case No: 3:10CV409/MCR/MD*

*Intern., USA v. Battle,* 559 F.3d 1170, 1180 (11th Cir. 2009) (*citing GJR Investments, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359 (11th Cir. 1998). Thus the identification of these individuals comprise a part of the claim itself. *Id.* In this case, plaintiff has alleged that the same procedure was followed for all inmates. Therefore, no equal portection claim can lie.

Even if plaintiff had stated a constitutional violation, his claim for monetary damages for mental anguish he suffered as a result of the loss of his personal papers is prohibited by 42 U.S.C. § 1997e(e). Title 42 U.S.C. § 1997e(e) provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." This is an affirmative defense, not a jurisdictional limitation. *Douglas v. Yates*, 535 F.3d 1316, 1321 (11th Cir. 2008). A complaint is subject to dismissal for failure to state a claim "when its allegations, on their face, show that an affirmative defense bars recovery on the claim." *Yates*, 535 F.3d at 1321 (quoting *Cottone v. Jenne*, 326 F.3d 1352, 1357 (11th Cir. 2003)). As the Eleventh Circuit has explained: "[Section] 1997e(e) applies only to lawsuits involving (1) Federal civil actions (2) brought by a prisoner (3) for mental or emotional injury (4) suffered while in custody." *Napier v. Preslicka*, 314 F.3d 528, 532 (11th Cir. 2002). The Eleventh Circuit has determined that "the phrase 'Federal civil action' means all federal claims, including constitutional claims." *Napier*, 314 F.3d at 532. This § 1983 action brought by plaintiff is a "Federal civil action" under this definition. Further, it is undisputed that plaintiff filed his complaint while imprisoned. Plaintiff's complaint alleges only "pain and suffering," i.e., mental and emotional injuries, so as to satisfy the third predicate for the application of § 1997e(e). Finally, the harm complained of occurred while plaintiff was in custody, so as to satisfy the fourth predicate. Therefore, a claim for damages absent any allegation of physical injury is subject to dismissal without prejudice.

Finally, plaintiff's attempt to seek punitive damages absent any showing of injury, whether physical, mental or emotional, would not be permissible in this circuit. *See e.g. Harris v. Garner,* 216 F.3d 970, 987 n.5 (11th Cir. 2000) (section 1997e(e) precludes prisoners from bringing actions for compensatory and punitive damages, but does not

apply to actions for declaratory or injunctive relief); *Osterback v. Ingram*, 2000 WL 297840, 13 Fla. L. Weekly D 133 (N.D.Fla.2000), aff'd. 263 F.3d 169 (11th Cir. 2001) (Table), *cert. denied*, 536 U.S. 906, 122 S.Ct. 2362, 153 L.Ed.2d 183 (2002) (holding that a prisoner plaintiff may not recover compensatory or punitive damages for mental or emotional injury without establishing that he suffered more than de minimis physical injury). Even if plaintiff were entitled to seek punitive damages, the facts as alleged do not establish his entitlement to such damages. Punitive damages are available only for conduct which is "shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." *Smith v. Wade*, 461 U.S. 30, 56, 103 S.Ct. 1625, 75 L.Ed.2d 632 (1983); *Lambert v. Fulton County, Ga.*, 253 F.3d 588, 598 (11th Cir. 2001); *Wright v. Sheppard*, 919 F.2d 665, 670 (11th Cir. 1990). There are no such allegations in this case.

Based on the foregoing, the plaintiff cannot successfully bring this action as a violation of 42 U.S.C. § 1983 or recover the damages he seeks in this jurisdiction. Therefore, the plaintiff's complaint should be dismissed, so that he may pursue his state law claims in the proper forum, if appropriate.

Accordingly, it is respectfully RECOMMENDED:

That this cause be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

At Pensacola, Florida, this 16th day of November, 2010.

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

*Case No: 3:10CV409/MCR/MD*

## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof. **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.** A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).

*Case No: 3:10CV409/MCR/MD*